# SPRING SESSIONS,

# 1910.

———•———

STATE vs. JOSEPH PEPE.

*Assault with Intent to Commit Murder—Weight of Evidence—*
*Province of Jury—Assault Defined—Intent to Murder—*
*How Shown—Use of Deadly Weapon—Presumption—*
*Murder—Definition—Malice—Self-Defense—Bur-*
*den of Proof—Justification—Duty to Retreat—*
*Presumption of Innocence.*

1.  Jurors are the sole judges of the testimony, its value, weight and probative force.

2.  An assault is defined to be an attempt, with force and violence, to do injury to the person of another.

3.  The intent to commit murder is an essential ingredient of the crime of assault with intent to commit murder, and it must be proved to the satisfaction of the jury.

4.  The intent to commit murder may be shown by direct evidence, as by the express confession or declaration of the accused, or by his acts and conduct and other circumstances from which the jury may naturally and reasonably infer the intent.

5.  Every man must be presumed to intend the natural and probable consequences of his own voluntary and wilful act.

6.  From the use of a deadly weapon against another, the jury may infer the intent to commit murder, unless the circumstances satisfy the jury to the contrary; such intent being provable by and inferable from the voluntary, unlawful use of a loaded revolver, or other deadly weapon, in a manner, or under circumstances perilous to human life, or directly tending to great bodily harm.

7.  In order to find the accused guilty of assault with intent to commit murder, it is necessary to show that he committed the alleged assault, and that had the person assaulted died from the effects of the injury received, the accused would have been guilty of the crime of murder, whether the crime of assault with intent to commit murder, if it had been

completed by the death of the victim, had been murder of the first or second degree is immaterial, as either would meet the requirements of the statute.

8.   Murder is the unlawful killing of a human creature in being, with malice aforethough, either express or implied.

9.   Malice, either express or implied, must be proved to justify a conviction of murder.

10.   Malice may be implied from any unlawful act, such as in itself denotes a wicked heart, fatally bent on mischief, or a reckless disregard of human life; as the selection and use of a deadly weapon.

11.   Malice is implied by law from every deliberate, cruel act, committed by one person against another, no matter how sudden such act may be.

12.   Whenever the act from which death ensued, or might have ensued, is proven by the prosecution, unaccompanied by circumstances of justification, excuse, or mitigation, the law presumes that the act was done with malice; and it is incumbent upon the accused to show that the act was not malicious.

13.   A slight assault will not excuse or justify the killing of the assailant with a deadly weapon; and the burden of establishing self-defense rests upon the accused.

14.   In repelling or resisting an assault, no more force may be used than is necessary for the purpose; and, if the person assailed use in his defense greater force than is necessary, he becomes the aggressor.

15.   If one accused of an assault with intent to commit murder was first attacked, even though the attack was such as to create in his mind a reasonable belief that he was in danger of death, or great bodily harm, it was his duty to retreat, if he could safely do so, or to use such other reasonable means as were within his power, to avoid killing his assailant.

16.   No one may take the life of another, even in self-defense, unless there is no other available means of escape from death or great bodily harm.

17.   If one is attacked, and from the character of the attack, he has reasonable cause to believe, and does reasonably believe that he is in imminent danger of death or great bodily harm, and he has no other reasonable means of avoiding or preventing death or great bodily harm, the killing of the assailant with a deadly weapon would be a justifiable act   of   self-defense.

18.   To justify or excuse an accused of assault with intent to commit murder, it is not sufficient that he, at the time of the alleged assault, believed himself to be in danger of death, or great bodily harm; but the circumstances must have been such, in the judgment of the jury, as to

justify a réasonable man in such belief, and that there was no reasonable way of escaping from the danger, except by shooting the assailant.

19. If after an assault made upon the accused and his companion by two brothers, the latter went into the restaurant of their brother, the prosecuting witness, a few feet away, and the three immediately came out and approached the accused, and if the latter drew his revolver and shot the prosecuting witness, when he knew, or should have known that the prosecuting witness did not mean to renew the attack, or if it was not necessary to save his life or protect himself from great bodily harm that he should fire the shot, his act was unlawful.

20. If, at the time the accused fired the shot, he was in such a condition, caused by the wounds he had received in the combat with two brothers of the prosecuting witness, immediately before they left him, that he was incapable of thinking intelligently as to the motive and intention of the return of his former assailants, with the prosecuting witness, the jury should consider such condition in reaching their verdict, both as affecting the question of guilty intent, and in determining whether the accused met the requirement of the law with respect to retreating.

21. In order to convict the accused it is incumbent upon the State to prove, beyond a reasonable doubt, every material ingredient of the crime charged.

22. In every criminal case, the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt.

(*March* 11, 1910.)

Judges BOYCE and HASTINGS sitting.

*Josiah O. Wolcott*, Deputy Attorney-General, for the State.

*William S. Prickett* for the defendant.

Court of General Sessions, New Castle County, March Term, 1910.

INDICTMENT for Assault with Intent to Commit Murder, (No. 37, March Term, 1910).

HASTINGS, J., charging the jury:

Gentlemen of the jury:—Joseph Pepe, the defendant, is charged in this indictment with an assault with intent to murder

one Nicholas Catonio, in this city on the twenty-fourth day of December, 1909. It is contended by the State that the said assault was committed on the prosecuting witness by the defendant by shooting him with a revolver, at a time when the prosecuting witness was acting as a peace-maker.

It is not denied by the defendant that he fired the shot which took effect in the body of the prosecuting witness, but he contends that he committed the act in the necessary and lawful defense of his person; that just a few moments before the shooting he and his companion had been severely stabbed by the brother or brothers of the prosecuting witness; that the brothers, after such stabbing, went into the restaurant of the prosecuting witness, which was but a few steps away, and that the three immediately came out again and approached the defendant; that the defendant's companion called to him to shoot; that he was in such a mental condition, caused by the pain and suffering from the wounds he had received and by the fear of further bodily harm that he was incapable of thinking intelligently.

The Court will neither recite nor discuss in this charge the testimony produced in this case, because of this testimony, its value, its weight, and its probative force you are the sole judges. The Court, however, will instruct you with respect to the law that bears upon the character of the charge made by this indictment and of the defenses urged by the prisoner.

The charge with which the prisoner stands indicted embraces, not only an assault, which has been defined to be an attempt with force and violence to do injury to the person of another, but also an intent to commit murder. In order to convict the prisoner at the bar in manner and form as he stands indicted, it is necessary for the state to satisfy you, beyond a reasonable doubt, that the assault was committed by the prisoner, that it was committed with the intent to murder the prosecuting witness, and that if the prosecuting witness had died from the effects of the injury received, then the prisoner would have been guilty of murder.

The intent to commit murder is an essential ingredient of this charge, and it must be proved to your satisfaction, just as any other material fact in the case is proved. The intent to commit murder may be shown by direct evidence of the intent; that is, by the express confession or declaration of the accused that he committed the alleged assault with the intent to murder. But the intent to commit murder may also be proved by the acts and conduct of the accused, and other circumstances from which the jury may naturally and reasonably infer the intent charged. For instance, it is a principle of law that every man must be presumed to intend the natural and probable consequences of his own voluntary and wilful act. So that from the use of a deadly weapon against another, the jury may infer the intent to commit murder, unless the circumstances of the case satisfy you to the contrary; such intent, as we have said, being provable by and inferable from the voluntary, unlawful use, in a manner or under circumstances perilous to human life, or directly tending to great bodily harm, of a loaded revolver or an axe, or other weapon which the law considers a deadly weapon, or of any other instrument or missile reasonably likely to take human life when so used. *State vs. DiGuglielmo*, 4 *Pennewill*, 336.

Before you can find the prisoner at the bar guilty of assault with intent to commit murder, you must also find that had the prosecuting witness died from the effects of the injuries received, the prisoner would have been guilty of the crime of murder. It is therefore necessary for us to define to you briefly the crime of murder. But we do not think it necessary to define the different degrees of murder under our statute; for whether the crime, if it had been completed by the death of the victim, had been murder of the first or second degree would be immaterial, as either would meet the requirements of our statute, and would justify a verdict of guilty of assault with intent to commit murder. The crime of murder is the unlawful killing of a human creature in being with malice aforethought, either express or implied. If the killing is proved, it must be also proved that it was done with malice, either express or implied, before the person charged can

be convicted of murder. But such malice may be implied from any unlawful act, such as in itself denotes a wicked heart, fatally bent on mischief, or a reckless disregard of human life. The deliberate selection and use of a deadly weapon has been held to be evidence of malice; and, where malice exists, together with the killing, the crime of murder is complete.

If you believe that the crime of which the prisoner would have been guilty, if the prosecuting witness had died from the injuries received, would be manslaughter, you cannot find him guilty of the intent to commit murder; for, in manslaughter there is no ingredient of malice. Whether there is any evidence in this case to satisfy you that there was malice, either express or implied, is one of the questions for you to determine. Malice is implied by law from every deliberate, cruel act committed by one person against another, no matter how sudden such act may be; for the law considers that he who does a cruel act voluntarily does it maliciously. And whenever the act from which death ensued, or, as in this case, might have ensued, is proven by the prosecution, unaccompanied by circumstances of justification, excuse, or mitigation, the law presumes that the act was done with malice; and it is thereupon incumbent upon the prisoner to show by evidence that the act was not malicious.

We have been asked by counsel to charge you in respect to the law of self-defense. We will say that a slight assault will not excuse or justify the killing of the assailant with a deadly weapon. The burden of establishing self-defense to the satisfaction of the jury rests upon the accused. In repelling or resisting an assault, no more force may be used than is necessary for the purpose; and, if the person assailed use in his defense greater force than is necessary, he becomes the aggressor.

If the defendant was first attacked, even though the attack was of such a character as to create in his mind a reasonable belief that he was in danger of death or great bodily harm, it was his duty to retreat, if he could safely do so, or to use such other reasonable means as were within his power, to avoid killing his assailant. No one may take the life of another, even in self-

defense, unless there is no other available means of escape from death or great bodily harm. If one is attacked, and from the character of such attack he had reasonable cause to believe, and did believe, that he was in imminent danger of death or great bodily harm, and he had no other reasonable means of avoiding or preventing death or great bodily harm, then the killing of the assailant with a deadly weapon would be a justifiable act of self-defense. If, on the other hand, the attack was of a trifling character, and manifested no purpose or intention on the part of the assailant to inflict any serious injury, the repelling of such attack by the use of a weapon likely to produce death would not be an act of justifiable self-defense.

In ascertaining whether the accused was in any danger of injury at the hands of the prosecuting witness when he fired the shot, and, if in such danger, whether he took the proper precautions to avoid such danger, the jury should consider the facts and circumstances of the case as disclosed by the witnesses. In order to justify or excuse the accused in firing the shot, it is not sufficient that he at the time believed himself to be in danger of death or great bodily harm at the hands of the prosecuting witness, but the circumstances must have been such, in the judgment of the jury, as to justify a reasonable man in such belief, and, further, that there was no reasonable way of avoiding or escaping from such danger except by slaying the assailant.

If after the attack was made, the parties attacking the defendant left him and returned with the prosecuting witness and then the defendant drew his revolver and shot the prosecuting witness when he knew, or should have known, that the prosecuting witness did not mean to attack him; or if it was not necessary in order to save his life or protect himself from great bodily harm that he should fire the shot, his act was an unlawful one.

If you believe that the defendant at the time he fired the shot was in such a condition, caused by the wounds he had received in the combat immediately before, that he was incapable of thinking intelligently as to the motive and intention of the return of his former assailants accompanied by their brother, the

prosecuting witness, you should consider such condition of the defendant in reaching your verdict. You may also in this connection take into consideration his physical condition at the time he fired the shot in determining whether he met the requirement of the law with respect to retreating.

The general character of the assault when proved is to be taken into consideration in connection with all the other evidence and is to be given such weight as it is entitled to. ˙

In order to convict the prisoner, it is incumbent upon the State to prove, beyond a reasonable doubt, every material ingredient of the crime charged. In every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt.

If you are not satisfied from the evidence in this case, beyond a reasonable doubt, that the prisoner at the bar committed the assault upon the prosecuting witness, your verdict should be not guilty. If, however, you believe beyond a reasonable doubt that he did commit the assault, but are not satisfied that there was an intent to commit murder, your verdict should be, not guilty in manner and form as he stands indicted, but guilty of assault only. But if you believe that the prisoner not only committed the alleged assault, but at the time of its commission it was his intention to murder the prosecuting witness and that had the prosecuting witness died from the effects of the injuries received, the crime would have been murder, your verdict should be guilty in manner and form as he stands indicted.

Verdict, not guilty.